IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| FREEDOM MEDICAL, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 5:09-CV-152-DF |
| PREMIER PURCHASING PARTNERS, L.P.; | § | |
| PREMIER, INC.; NOVATION, LLC; | § | JURY TRIAL REQUESTED |
| UNIVERSAL HOSPITAL SERVICES, INC.; | § | |
| and HILL-ROM COMPANY, INC., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT NOVATION, LLC'S ANSWER

Defendant Novation, LLC ("Novation") answers the Original Complaint filed by Plaintiff Freedom Medical, Inc. ("Freedom") as follows:

In response to the first paragraph of the Preamble, Novation admits that Freedom purports to bring this action as described in the first and third sentences but denies Freedom sets forth any valid claim or is entitled to recover under any applicable law and denies the allegations in the second sentence.

In response to the second paragraph of the Preamble, Novation admits that Freedom purports to bring this action as described but denies Freedom sets forth any valid claim or is entitled to recover under any applicable law.

In response to the third paragraph of the Preamble, Novation denies that Freedom has suffered any cognizable injuries as a result of its conduct, states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the conduct of others, and admits that Freedom purports to bring this action as described but denies Freedom sets forth any valid claim or is entitled to recover under any applicable law.

1.      Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 and thus denies them.

2.      Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 and thus denies them.

3.      Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 and thus denies them.

4.      Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 and thus denies them.

5.      Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 and thus denies them.

6.      Novation admits the allegations in paragraph 6.

7.      With respect to the first sentence of paragraph 7, Novation admits that Freedom purports to bring this action as described but denies Freedom sets forth any valid claim or is entitled to recover under any applicable law.  The allegations in the second and third sentences of paragraph 7 state legal conclusions to which no response is required.

8.      No response is required to the legal conclusions in paragraph 8.  Novation lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 8 and thus denies them.

9.      No response is required to the legal conclusions in paragraph 9.  Novation lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 9 and thus denies them.

10.     No response is required to the legal conclusions in paragraph 10.  Novation lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 10 and thus denies them.

11.     No response is required to the legal conclusions in paragraph 11.  With respect to the remaining allegations in paragraph 11, Novation admits that it regularly does business in the State of Texas and maintains an office, place of business, and/or an agency for transacting business in the State of Texas and denies that it committed a tort.

12.     No response is required to the legal conclusions in paragraph 12.

13.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 and thus denies them.

14.     With respect to the first sentence of paragraph 14, Novation admits that Freedom provides biomedical equipment to healthcare providers in the United States but states it is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and thus denies them.  Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 14 and thus denies them.

15.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 and thus denies them.

16.     With respect to paragraph 16, Novation admits that Freedom provides biomedical equipment to healthcare providers but states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and thus denies them.

17.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 and thus denies them.

18. Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 and thus denies them.

19. Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 and thus denies them.

20. Novation denies the allegations in paragraph 20.

21. Novation denies the allegations in the first sentence of paragraph 21. Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 21 and thus denies them. With respect to the third sentence of paragraph 21, Novation admits that Freedom provides biomedical equipment to healthcare providers and denies the remaining allegations.

22. With respect to paragraph 22, Novation admits that Defendant Hill-Rom Company, Inc. ("Hill-Rom") provides biomedical equipment to healthcare providers and denies the remaining allegations.

23. With respect to the first sentence of paragraph 23, Novation admits that Hill-Rom provides biomedical equipment and other supplies to healthcare providers, denies there is a biomedical equipment rental market, but states it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and thus denies them. With respect to the second sentence of paragraph 23, Novation admits that Hill-Rom provides capital equipment to healthcare providers but states it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and thus denies them.

24. With respect to paragraph 24, Novation admits that Defendant Universal Hospital Services, Inc. ("UHS") provides biomedical equipment to healthcare providers and denies the remaining allegations.

25.     With respect to the first sentence of paragraph 25, Novation admits that UHS provides biomedical equipment and other supplies to healthcare providers, denies there is a biomedical equipment rental market, but states it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and thus denies them. Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 25 and thus denies them.

26.     Novation denies the allegations in paragraph 26.

27.     Novation denies the allegations in paragraph 27.

28.     With respect to the first sentence in paragraph 28, Novation admits that one of its functions is to act as a liaison between medical product manufacturers and healthcare providers, denies the remaining allegations as to it, but states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding any others and thus denies them. With respect to the allegations in the second sentence of paragraph 28, Novation admits that it does not manufacture, handle, or ship medical devices, denies that it does so for private label products, but states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding others and thus denies them. Novation denies the allegations in the third and fourth sentences of paragraph 28.

29.     With regard to the first sentence of paragraph 29, Novation admits that supply expense reduction was one of the reasons that group purchasing organizations ("GPOs") were created but denies the remaining allegations. Novation denies the allegations in the second and third sentences of paragraph 29.

30.     With respect to the first, second, and third sentences of paragraph 30, Novation admits that the healthcare providers it serves are autonomous entities that retain their individual

capacity to act, denies the remaining allegations as to it, but states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding others and thus denies them. With respect to the fourth sentence of paragraph 30, Novation admits that the healthcare providers it serves sometimes receive rebates or other incentives from suppliers when they choose to use Novation contracts but states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding others and thus denies them. Novation denies the allegations in the fifth sentence of paragraph 30.

31.     Novation denies the allegations in paragraph 31.

32.     With respect to paragraph 32, Novation admits that in some instances, healthcare providers choose to use GPO contracts for biomedical equipment rentals but denies the remaining allegations.

33.     Novation denies the allegations in paragraph 33.

34.     Novation denies the allegations in paragraph 34.

35.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 and thus denies them.

36.     With respect to paragraph 36, Novation admits that it provides the contracting services of a GPO but denies the remaining allegations.

37.     Novation admits the allegations in the first, second, and third sentences of paragraph 37.   With respect to the fourth sentence of paragraph 37, Novation admits that its contracts involve supplies sold in several markets but denies the remaining allegations.

38.     Novation denies the allegations in paragraph 38.

39.     Novation denies the allegations in paragraph 39.

40.     Novation denies the allegations in paragraph 40.

41.     Novation denies the allegations in paragraph 41.

42.     Novation denies the allegations in paragraph 42.

43.     Novation denies the allegations in paragraph 43.

44.     Novation denies the allegations in paragraph 44.

45.     Novation denies the allegations in paragraph 45.

46.     Novation denies the allegations in paragraph 46.

47.     Novation denies the allegations in paragraph 47.

48.     Novation denies the allegations in paragraph 48.

49.     Novation denies the allegations in paragraph 49.

50.     Novation denies the allegations in paragraph 50.

51.     Novation denies the allegations in paragraph 51.

52.     With respect to paragraph 52, Novation admits that the GPOs listed are large United States healthcare GPOs but denies the remaining allegations.

53.     Novation denies the allegations in paragraph 53.

54.     Novation denies the allegations in paragraph 54.

55.     Novation denies the allegations in paragraph 55.

56.     Novation denies the allegations in paragraph 56.

57.     With respect to paragraph 57, Novation denies that UHS has entered into a sole-source contract with it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

58.     With respect to paragraph 58, Novation denies that UHS penalizes it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

59.     With respect to paragraph 59, Novation denies that it entered into dual-source contracts with UHS and Hill-Rom but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

60.     With respect to paragraph 60, Novation denies that UHS and Hill-Rom have penalized it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

61.     Novation denies the allegations in paragraph 61.

62.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62 and thus denies them.

63.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63 and thus denies them.

64.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64 and thus denies them.

65.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65 and thus denies them.

66.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66 and thus denies them.

67.     Novation admits the allegations in paragraph 67.

68.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68 and thus denies them.

69.     Novation denies the allegations in paragraph 69.

70.     With respect to the first sentence of paragraph 70, Novation denies the allegations insofar as they refer to it but states that it lacks knowledge or information sufficient to form a

belief about the truth of the allegations regarding others and thus denies them. With respect to the second sentence of paragraph 70, Novation admits that the suppliers with whom it contracts are free to enter into additional contracts with the healthcare providers it serves but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

71. With regard to paragraph 71, Novation admits that some of the healthcare providers it serves have contracts agreeing to use Hill-Rom for a percentage of their biomedical equipment rentals under Hill-Rom's Novation contracts, denies the remaining allegations insofar as they refer to it, but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

72. Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72 and thus denies them.

73. With respect to paragraph 73, Novation denies the allegations in paragraph 73 insofar as they refer to the healthcare providers it serves but states that it lacks knowledge or information as to the truth of the allegations regarding others and thus denies them.

74. With respect to the first sentence in paragraph 74, Novation admits that the healthcare providers it serves who signed contracts agreeing to use Hill-Rom for a percentage of their biomedical equipment rentals under Hill-Rom's Novation contracts may receive discounts or rebates on their biomedical equipment rentals but states that it lacks knowledge or information regarding the truth of the allegations regarding others and thus denies them. With respect to the second sentence of paragraph 74, Novation admits that it monitors healthcare providers' compliance with commitments made under the Bedside Care Standardization Program ("BCSP"), denies any remaining allegations that refer to it, but states that it lacks knowledge or

information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

75.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75 and thus denies them.

76.     Novation denies the allegations in paragraph 76.

77.     With respect to paragraph 77, Novation admits that some of the healthcare providers it serves have signed contracts agreeing to use UHS for a percentage of their biomedical equipment rentals under UHS' Novation contracts, denies the remaining allegations insofar as they refer to it, but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

78.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78 and thus denies them.

79.     With respect to paragraph 79, Novation denies the allegations insofar as they relate to the healthcare providers it serves but states that it lacks knowledge or information as to the truth of the allegations regarding others and thus denies them.

80.     With respect to the first sentence in paragraph 80, Novation admits that healthcare providers it serves who signed contracts agreeing to use UHS for a percentage of their biomedical equipment rentals under UHS' Novation contracts may receive discounts or rebates on their biomedical equipment rentals but states that it lacks knowledge or information as to the truth of the allegations regarding others and thus denies them.  With respect to the second sentence of paragraph 80, Novation admits that it monitors healthcare providers' compliance with commitments made under the BCSP, denies any remaining allegations that refer to it, but

states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

81.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81 and thus denies them.

82.     With respect to paragraph 82, Novation admits that some of the healthcare providers it serves have signed contracts agreeing to use UHS for a percentage of their biomedical equipment rentals under UHS' Novation contracts and denies the remaining allegations.

83.     Novation denies the allegations in paragraph 83.

84.     Novation denies the allegations in paragraph 84.

85.     With respect to paragraph 85, Novation denies that the contracts entered by healthcare providers it serves agreeing to use Hill-Rom or UHS for a percentage of their biomedical equipment rentals under the Hill-Rom and UHS Novation contracts substantially foreclosed competition but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

86.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 86 and thus denies them.

87.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87 and thus denies them.

88.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88 and thus denies them.

89.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89 and thus denies them.

90.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90 and thus denies them.

91.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91 and thus denies them.

92.     With respect to paragraph 92, Novation denies the allegations insofar as they relate to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

93.     With respect to paragraph 93, Novation denies the allegations insofar as they relate to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

94.     Novation denies the allegations in paragraph 94.

95.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 95 and thus denies them.

96.     Novation denies the allegations in paragraph 96.

97.     Novation denies the allegations in paragraph 97.

98.     Novation denies the allegations in paragraph 98.

99.     Novation denies the allegations in paragraph 99.

100.    Novation denies the allegations in paragraph 100.

101.    Novation denies the allegations in paragraph 101.

102.    Novation denies the allegations in paragraph 102.

103.    Novation denies the allegations in paragraph 103.

104.    Novation denies the allegations in paragraph 104.

105.     With respect to paragraph 105, Novation denies the allegations insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

106.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 106 and thus denies them.

107.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 107 and thus denies them.

108.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 108 and thus denies them.

109.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 109 and thus denies them.

110.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 110 and thus denies them.

111.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 111 and thus denies them.

112.     With respect to the first sentence of paragraph 112, Novation admits that October 1, 2009 was the effective date for its BCSP but denies any remaining allegations.  Novation admits the allegations in the second sentence of paragraph 112.

113.     Novation denies the allegations in paragraph 113.

114.     With respect to paragraph 114, Novation admits that Freedom executed an Addendum to its Novation Contract No. CE91011 agreeing to participate in the BCSP in April 2009 but denies the remaining allegations.

115. Novation admits that it informed Freedom that UHS had elected to participate in the BCSP on the effective date of the program but denies any remaining allegations in paragraph 115.

116. With respect to the first sentence in paragraph 116, Novation admits that no suppliers were "awarded" a BCSP contract, states that all suppliers whom it awarded a biomedical equipment rental contract were offered the opportunity to participate in the BCSP prior to the program's effective date, and denies any remaining allegations. With respect to the second sentence in paragraph 116, Novation admits that prior to the program's effective date, it notified the healthcare providers it serves that Freedom had elected to participate in the BCSP and that UHS had elected not to participate in the BCSP, states that it subsequently informed the healthcare providers it serves that UHS had changed its election and decided to participate in the BCSP, denies any remaining allegations insofar as they refer to it, but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

117. With respect to the first sentence of paragraph 117, Novation lacks knowledge or information sufficient to form a belief about the truth of these allegations and thus denies them. Novation denies the allegations in the second sentence of paragraph 117.

118. Novation denies the allegations in paragraph 118.

119. With respect to the first sentence of paragraph 119, Novation admits that it advised Freedom to file a grievance when it raised concerns about UHS' participation in the BCSP but denies the remaining allegations. Novation admits the allegations in the second sentence of paragraph 119 but denies the allegations in the third sentence of paragraph 119.

120.     With respect to the allegations in paragraph 120, Novation admits that it advised UHS, Hill-Rom, and Freedom that certain products had been incorrectly listed in their biomedical equipment rental contracts and would be removed from those contracts but denies the remaining allegations.

121.     Novation denies the allegations in paragraph 121.

122.     Novation denies the allegations in paragraph 122.

123.     Novation denies the allegations in paragraph 123.

124.     Novation denies the allegations in paragraph 124.

125.     Novation denies the allegations in paragraph 125.

126.     Novation denies the allegations in paragraph 126.

127.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 127 and thus denies them.

128.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 128 and thus denies them.

129.     With respect to paragraph 129, Novation denies the allegations insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

130.     With respect to paragraph 130, Novation denies the allegations insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

131.     With respect to paragraph 131, Novation denies the allegations insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

132.    Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 132 and thus denies them.

133.    With respect to paragraph 133, Novation denies the allegations insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

134.    With respect to paragraph 134, Novation denies the allegations insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

135.    Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 135 and thus denies them.

136.    Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 136 and thus denies them.

137.    Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 137 and thus denies them.

138.    Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 138 and thus denies them.

139.    Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 139 and thus denies them.

140.    With respect to paragraph 140, Novation denies the allegations insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

141.     With respect to paragraph 141, Novation denies the allegations insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

142.     With respect to paragraph 142, Novation denies the allegations insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

143.     With respect to paragraph 143, Novation denies the allegations insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

144.     Novation reiterates its responses to paragraphs 1 to 143 of Freedom's Complaint.

145.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 145 and thus denies them.

146.     With respect to paragraph 146, Novation denies there is a GPO brokerage services market but states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and thus denies them.

147.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 147 and thus denies them.

148.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 148 and thus denies them.

149.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 149 and thus denies them.

150.    With respect to paragraph 150, Novation denies there is a GPO brokerage services market but states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and thus denies them.

151.    Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 151 and thus denies them.

152.    Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 152 and thus denies them.

153.    With respect to paragraph 153, Novation denies that any agreement between the healthcare providers it serves and UHS or Hill-Rom, entered under their respective Novation contracts, is an agreement in restraint of trade, but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

154.    With respect to paragraph 154, Novation denies there is a biomedical equipment rentals market, denies that any agreement between the healthcare providers it serves and UHS or Hill-Rom, entered under their respective Novation contracts, foreclosed a substantial share of any relevant market, but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

155.    With respect to paragraph 155, Novation denies that any agreement between the healthcare providers it serves and UHS or Hill-Rom, entered under their respective Novation contracts, had an anticompetitive effect on rival providers of biomedical equipment rentals but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

156.     With respect to paragraph 156, Novation denies that any agreement between the healthcare providers it serves and UHS or Hill-Rom, entered under their respective Novation contracts, had no procompetitive justifications that could not have been achieved by less restrictive means but states that it lacks the knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

157.     With respect to paragraph 157, Novation denies the allegations insofar as they refer to it and states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

158.     With respect to paragraph 158, Novation denies the allegations insofar as they refer to it and states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

159.     Novation reiterates its responses to paragraphs 1 to 158 of Freedom's Complaint.

160.     With respect to paragraph 160, Novation denies that any agreements entered under UHS' Novation contracts include the "condition" alleged but states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other agreements and thus denies them.

161.     With respect to paragraph 161, Novation denies that any agreements entered under UHS' Novation contracts have the "practical effect" alleged but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding other agreements and thus denies them.

162.     With respect to paragraph 162, Novation denies there is a biomedical equipment rentals market, denies that any agreements entered under UHS' Novation contracts foreclosed a substantial share of any relevant market, but states that it lacks knowledge or information

sufficient to form a belief about the truth of the allegations regarding other agreements and thus denies them.

163.    With respect to paragraph 163, Novation denies that any agreements entered under UHS' Novation contracts have substantially lessened competition but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding other agreements and thus denies them.

164.    With respect to paragraph 164, Novation denies that any agreements entered under UHS' Novation contracts have no offsetting procompetitive justifications that could not have been achieved with less restrictive alternatives but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations as to other agreements and thus denies them.

165.    With respect to paragraph 165, Novation denies that any agreements entered under Hill-Rom's Novation contracts include the "condition" alleged but states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other agreements and thus denies them.

166.    With respect to paragraph 166, Novation denies that any agreements entered under Hill-Rom's Novation contracts have the "practical effect" alleged but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding other agreements and thus denies them.

167.    With respect to paragraph 167, Novation denies there is a biomedical equipment rentals market, denies that any agreements entered under Hill-Rom's Novation contracts foreclosed a substantial share of any relevant market, but states that it lacks knowledge or

information sufficient to form a belief about the truth of the allegations regarding other agreements and thus denies them.

168.    With respect to paragraph 168, Novation denies that any agreements entered under Hill-Rom's Novation contracts have substantially lessened competition but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding other agreements and thus denies them.

169.    With respect to paragraph 169, Novation denies that any agreements entered under Hill-Rom's Novation contracts have no offsetting procompetitive justifications that could not have been achieved with less restrictive alternatives but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations as to other agreements and thus denies them.

170.    With respect to paragraph 170, Novation denies that any agreements entered under Hill-Rom's and UHS' Novation contracts include the "condition" alleged but states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other agreements and thus denies them.

171.    With respect to paragraph 171, Novation denies that any agreements entered under Hill-Rom's and UHS' Novation contracts have the "practical effect" alleged but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding other agreements and thus denies them.

172.    With respect to paragraph 172, Novation denies there is a biomedical equipment rentals market, denies that any agreements entered under Hill-Rom's and UHS' Novation contracts foreclosed a substantial share of any relevant market, but states that it lacks knowledge

or information sufficient to form a belief about the truth of the allegations regarding other agreements and thus denies them.

173.     With respect to paragraph 173, Novation denies that any agreements entered under Hill-Rom's and UHS' Novation contracts have substantially lessened competition but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding other agreements and thus denies them.

174.     With respect to paragraph 174, Novation denies that any agreements entered under Hill-Rom's and UHS' Novation contracts have no offsetting procompetitive justifications that could not have been achieved with less restrictive alternatives but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations as to other agreements and thus denies them.

175.     Novation denies the allegations in paragraph 175 insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

176.     Novation denies the allegations in paragraph 176 insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

177.     Novation reiterates its responses to paragraphs 1 to 176 of Freedom's Complaint.

178.     Novation denies the allegations in paragraph 178 insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

179.    Novation denies the allegations in paragraph 179 insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

180.    Novation denies the allegations in paragraph 180 insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

181.    Novation denies the allegations in paragraph 181 insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

182.    Novation denies the allegations in paragraph 182 insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

183.    Novation denies the allegations in paragraph 183 insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

184.    Novation reiterates its responses to paragraphs 1 to 183 of Freedom's Complaint.

185.    Novation denies the allegations in paragraph 185 insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

186.    Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 186 and thus denies them.

187.    Novation denies the allegations in paragraph 187.

188. Novation denies the allegations in paragraph 188 insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

189. Novation denies the allegations in paragraph 189 insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

190. Novation reiterates its responses to paragraphs 1 to 189 of Freedom's Complaint.

191. Novation denies the allegations in paragraph 191 insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

192. Novation denies the allegations in paragraph 192 insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

193. Novation denies the allegations in paragraph 193 insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

194. Novation denies the allegations in paragraph 194 insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

195. Novation denies the allegations in paragraph 195 insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

196. Novation reiterates its responses to paragraphs 1 to 195 of Freedom's Complaint.

197.     Novation denies the allegations in paragraph 197 insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

198.     Novation denies the allegations in paragraph 198 insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

199.     Novation denies the allegations in paragraph 199 insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

200.     Novation denies the allegations in paragraph 200 insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

201.     Novation reiterates its responses to paragraphs 1 to 200 in Freedom's Complaint.

202.     Novation denies the allegations in paragraph 202 insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

203.     Novation denies the allegations in paragraph 203 insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

204.     Novation denies the allegations in paragraph 204 insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

205.     Novation reiterates its responses to paragraphs 1 to 204 in Freedom's Complaint.

206.     Novation denies the allegations in paragraph 206 insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

207.     Novation denies the allegations in paragraph 207 insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

208.     Novation denies the allegations in paragraph 208 insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

209.     Novation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 209 and thus denies them.

210.     Novation denies the allegations in paragraph 210 insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

211.     Novation denies the allegations in paragraph 211 insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

212.     Novation denies the allegations in paragraph 212 insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

213.     Novation denies the allegations in paragraph 213 insofar as they refer to it but states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding others and thus denies them.

214.     Novation admits that Freedom seeks the relief requested in paragraph 214 but denies Freedom is entitled to recover said relief under any applicable law.

### FREEDOM'S PRAYER

Novation admits that Freedom seeks the relief described in paragraphs A-F of the Prayer but denies that it is entitled to any of the relief requested.

## RESPONSES AND AFFIRMATIVE DEFENSES
## TO FREEDOM'S ORIGINAL COMPLAINT

1.     The Complaint and each count alleged therein fails as a matter of law to assert any legally actionable claims against Novation.

2.     Freedom did not suffer antitrust injury.

3.     Freedom's claims are barred in whole or in part by the doctrine of unclean hands.

4.     Freedom's claims are barred because at all relevant times Novation was privileged and justified in taking the actions complained of to the extent such actions occurred.

5.     Freedom's equitable claims are barred because it has not suffered irreparable harm and it has an adequate remedy at law.

6.     Freedom's claims are barred in whole or in part because they fall outside of the relevant statutes of limitations.

7.     Freedom's claims are barred in whole or in part due to estoppel, waiver, and/or laches.

8.     During the time periods relevant to Freedom's allegations, Novation has maintained a contract with Freedom and thus could not have foreclosed Freedom from any of the markets which Freedom alleges exist.

9.     Freedom's claims are barred, in whole or in part, because its claimed injuries and damages were not legally or proximately caused by any acts or omission of Novation, or were caused, if at all, by the conduct of third parties including, without limitation, the previous, intervening, or superseding conduct of such third parties.

10.     To the extent Freedom has sustained damages, if any, it has failed to mitigate those damages and is therefore barred from recovering damages in whole or in part.

11.     Freedom's claims are barred in whole or in part because the damages sought are too speculative or uncertain.

12.     The receipt of administrative fees by GPOs is specifically permitted by federal statutes and regulations.

13.     Novation adopts by reference any applicable defense pleaded by any other defendant which is not otherwise expressly set forth herein.

14.     Novation reserves the right to assert additional responses and defenses as discovery proceeds.

15.     Novation requests a jury trial pursuant to Federal Rule of Civil Procedure 38.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Novation prays that this Court order that Freedom take nothing by this suit, that judgment be entered in favor of Novation, and that Novation obtain such additional and further relief, at law and in equity, to which it may show itself entitled.

Respectfully submitted,

By:    /s/ William D. Sims, Jr.
       William D. Sims, Jr., Lead Attorney
          Texas Bar No. 18429500
       VINSON & ELKINS LLP
       2001 Ross Avenue, Suite 3700
       Dallas, Texas 75201-2975
       Telephone: 214.220.7703
       Facsimile: 214.999.7703
       Email: bsims@velaw.com

       Veronica S. Lewis
          Texas Bar No. 24000092
       VINSON & ELKINS LLP
       2001 Ross Avenue, Suite 3700
       Dallas, Texas 75201-2975
       Telephone: 214.220.7757
       Facsimile: 214.999.7757
       Email: vlewis@velaw.com

       Bruce A. Blefeld
          Texas Bar No. 00783672
       VINSON & ELKINS LLP
       1001 Fannin Street, Suite 2500
       Houston, TX 77002-6760
       Telephone: 713.758.3610
       Facsimile: 713.615.5147
       Email: bblefeld@velaw.com

       Sean F. Rommel
          Texas Bar No. 24011612
       WYLY~ROMMEL, PLLC
       2311 Moores Lane
       Texarkana, Texas 75503
       Telephone: (903) 334-8646
       Facsimile: (903) 334-8645
       Email: srommel@wylyrommel.com

       **ATTORNEYS FOR DEFENDANT
       NOVATION, L.L.C.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and/or first class mail this 15th day of January, 2010.

/s/ Veronica S. Lewis
Veronica S. Lewis